Filed 5/27/15  In re M.A. CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re M.A., a Person Coming Under the Juvenile Court Law. | |
| SAN FRANCISCO HUMAN SERVICES AGENCY, Plaintiff and Respondent, v. CHERRY N., Defendant and Appellant. | A143370 (City & County of San Francisco Super. Ct. No. JD13-3310) |

Mother appeals the termination of reunification services at the six-month review hearing regarding her then two-year-old daughter. She asserts there was insufficient evidence to support the juvenile court's finding that there was no substantial probability that child may be returned to her within the time remaining in the statutory reunification period. We affirm.

**Factual and Procedural History**

On November 18, 2013, the San Francisco Human Services Agency (the agency) filed a petition alleging, among other things, the daughter was at risk of harm under Welfare and Institutions Code[1] section 300, subdivisions (b), due to her mother and father abusing drugs. The petition alleged further that mother had mental health problems, was homeless and unable to provide for her daughter.

---

[1] All statutory references are to the Welfare and Institutions Code.

At the November 19, 2013 detention hearing, the daughter was detained and placed with a relative, who also has custody of mother's six-year-old daughter.

At the February 21, 2014 contested jurisdiction/disposition hearing, mother and father submitted to jurisdiction under section 300, subdivisions (b). The court sustained the allegations regarding the parents' substance abuse, mother's mental health problems, her homelessness and inability to provide for her daughter. Mother and father were granted reunification services. Mother was ordered to participate in counseling, parenting education and complete a substance abuse assessment and follow any recommendations for treatment and was granted supervised visits.

On August 1, 2014, the agency filed a status report in advance of the six-month review hearing recommending termination of services. The agency reported that mother remained homeless and had not used the housing service referrals offered to her by the agency. She had scheduled a number of therapy appointments but had failed to attend the appointments. Mother did not attend parenting classes arranged by the agency, or complete a substance abuse assessment. Mother also failed to maintain regular contact with the child. The social worker had been unable to observe mother with the child because mother had not set up any visits at the visitation center. Mother had visited with her daughter just twice in the five and half months since disposition—both times supervised by the relative caregiver in the relative's home.

A contested six-month review hearing was held on September 29, 2014. The social worker testified mother had not begun counseling or completed a substance abuse assessment. Mother had informed her that she started a parenting program a week before the hearing but the social worker had no evidence to support mother's claim. Mother began visiting her daughter after the status report was issued and had regularly visited the child twice a week for three hours each visit.

Mother acknowledged that she did not apply herself with respect to completing her case plan, although she made numerous attempts to start various programs. She explained that she struggled with homelessness which made it difficult for her to comply with

2

services. She found stable housing two weeks prior to the hearing and had started seeking help to comply with services through The Homeless Prenatal Program.

The court expressed its "continuing concerns about mother's substance abuse issues and challenges, and mental health challenges that remain in need of assessment and treatment" and observed that the extent of progress made by mother towards alleviating or mitigating the causes necessitating placement has been minimal. The court found by clear and convincing evidence that mother failed to participate regularly in her case plan and that there was not a substantial probability that the child could be returned to mother in the next six months. The court terminated mother's reunification services and ordered that her visits remain supervised. Father's reunification services were extended an additional 12 months.

On October 22, 2014, mother filed her notice of appeal.

## Discussion

"The status of every dependent child in foster care shall be reviewed periodically as determined by the court but no less frequently than once every six months. . . ." (§ 366, subd. (a)(1).) "The third paragraph of section 366.21, subdivision (e), requires a specialized inquiry at the six-month review for children . . . who are 'under the age of three years on the date of the initial removal' and are not being returned to the custody of their parents at that time. For such dependent children, if 'the court finds by clear and convincing evidence that the parent failed to participate regularly and make substantive progress in a court-ordered treatment plan, the court may schedule a hearing pursuant to [s]ection 366.26 within 120 days. If, however, the court finds there is a substantial probability that the child . . . may be returned to his or her parent or legal guardian within six months or that reasonable services have not been provided, the court shall continue the case to the 12–month permanency hearing.' (§ 366.21, subd. (e).)" (*M.V. v. Superior Court* (2008) 167 Cal.App.4th 166, 175, italics omitted.) In *M.V.* the court explained that a finding of a "substantial probability the child *may* be returned" requires a determination of "whether there is a strong likelihood of a *possibility* of return (not simply a strong likelihood the return will in fact occur)." (*Id.* at p. 181.) The court may consider the three

factors set forth in section 366.21, subdivision (g)(1) (maintaining consistent and regular contact with the child, making progress in addressing the issues that led to dependency, and demonstrating the potential to be a good parent) "along with any other relevant evidence (such as extenuating circumstances excusing noncompliance with the three factors) in considering whether there is substantial evidence of a possible return to the mother by the 12–month hearing." (*M.V.*, p. 181.)

An order terminating services is reviewed for substantial evidence. (*Kevin R v. Superior Court* (2010) 191 Cal.App.4th 676, 688.) "In making this determination, we review the record in the light most favorable to the court's determinations and draw all reasonable inferences from the evidence to support the findings and orders. [Citation.] 'We do not reweigh the evidence or exercise independent judgment, but merely determine if there are sufficient facts to support the findings of the trial court.' " (*Id*. at pp. 688-689.)

Mother does not challenge the trial court's findings that return of the child to her custody would be detrimental, or that she failed to participate regularly and make substantive progress in a court-ordered treatment plan. She asserts, however, that the evidence showed a substantial possibility that her daughter might be returned to her within the five months remaining until the 12-month review hearing. She argues that despite being only 21 years old and struggling with homelessness and mental health issues, she had maintained consistent visits in the two months prior to the hearing and had begun arranging for services. Mother also notes that "[d]enying reunification services did not serve to expedite the implementation of a permanent plan for [her daughter]" because the court granted additional reunification services to the father.

In this case, given mother's complete lack of participation in the services provided and apparently untreated drug abuse and mental health issues, we find that the record amply supports the court's termination of services. Contrary to mother's argument, her recent interest in visitation is not enough to establish a strong likelihood that the daughter may be returned to her care within the time allotted. While mother's youth and homelessness undoubtedly contributed to her lack of participation in services, they are

4

not "extenuating circumstances excusing noncompliance." (*M.V. v. Superior Court, supra*, 167 Cal.App.4th at p. 181.) Her homelessness is likely a byproduct of her untreated substance abuse and mental health issues for which she has not begun treatment. Likewise, while the court was free to consider the fact that services were extended for father in deciding whether to terminate services for mother, it was not required to extend services for both parents. (*In re Jesse W.* (2007) 157 Cal.App.4th 49, 60 [at six-month review hearing involving child under the age of three, court is not required to continue services for one parent when reunification efforts continue for the other parent and court does not set a section 366.26 hearing].) The court reasonably rejected mother's argument that there would be no harm in extending her services along with father's extension of services. The court explained that mother still has access to services in the community but that the burden was on her to avail herself of those services and convince the court to reconsider its ruling. Accordingly, we shall affirm the order terminating services.

**Disposition**

The order terminating reunification services is affirmed.

_____<br>
Pollak, J.

We concur:


_____
McGuiness, P. J.


_____
Jenkins, J.

5